UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ILLINOIS

IN RE:                                          )
                                                )
JAMES A. CURTIS,                                )        No. 09-41396
                                                )
                        Debtor.                 )

**O P I N I O N**

      The Debtor, James A. Curtis ("Debtor"), filed his voluntary petition for relief under Chapter 13 of the Bankruptcy Code on August 24, 2009. Along with his petition, the Debtor filed his proposed Chapter 13 plan, which, among other things, provided for surrender of the Debtor's one-half interest in his former residence to Nationstar/GMAC Mortgage.[1] The Creditor, Edith Pennell ("Pennell"), who is the Debtor's ex-wife, filed an objection to confirmation asserting that the plan failed to provide for her priority claim for child support arrearage. Later, on October 20, 2009, Pennell also filed a motion to dismiss the bankruptcy petition pursuant to § 1307(c), alleging that the petition was not filed in good faith because the Debtor admitted on his Schedule A that his idea in filing the bankruptcy was to let the mortgage holder foreclose on the real estate and to pay any remaining deficiency through the plan, that the filing of the bankruptcy had hampered Pennell in dealing with the foreclosure and in her attempts to sell the real estate, that the filing of the bankruptcy was premature, speculative and unnecessary by the Debtor's own admission, and that based on the totality of facts and circumstances, the Chapter 13 petition evidences an abuse of the bankruptcy provisions, is fundamentally unfair, and was not filed in good faith. A hearing on Pennell's motion to dismiss was set for November 24, 2009.

      Meanwhile, while the motion to dismiss was pending, on October 26, 2009, the Debtor filed an amended plan that provided for the child support arrearage of $3,120 to be paid to the Pennell.

---

[1] An order granting Nationstar's motion to lift the stay on the property was entered on November 3, 2009.

This is the amount of arrearage asserted in Pennell's Claim No. 3-1.[2]  Upon the filing of the amended plan, the Court entered an order stating that the Debtor filed an amended plan, thus mooting Pennell's objection to the original proposed plan.  *See* General Order 08-1 (providing that the filing of an amended plan moots any pending objections to a previously filed plan).  A copy of this order was sent to Pennell's attorney.  Pennell did not file an objection to the amended plan, and no other objections to confirmation were filed.  The Trustee recommended confirmation of the amended plan, and the plan was confirmed without a hearing on November 17, 2009.  On November 18, 2009, the Debtor filed a response to Pennell's motion to dismiss asserting that the amended plan had been confirmed and that the Debtor's attorney had informed Pennell's attorney that the Debtor would sign any offer to sell the real estate and that there would be no problem in obtaining an order from the Bankruptcy Court authorizing the sale of such property.

A hearing on Pennell's motion to dismiss was held on November 24, 2009, at which Pennell's counsel requested a date for an evidentiary hearing on the issue of whether the Debtor filed his bankruptcy petition in good faith.  The Debtor responded that the confirmed plan pays 100% to creditors, and therefore he did not see how a 100% plan could not "be in good faith."  The matter was taken under advisement to determine whether the issue of good faith in the filing of the bankruptcy petition can proceed after confirmation of the plan, and the parties were ordered to file simultaneous briefs.

In her brief, Pennell characterizes the issue as whether the Court may address whether a bankruptcy petition was filed good faith under § 1307(c) after the plan has been confirmed.  Pennell notes that § 1307(c) does not set a time limit for filing a motion to dismiss.  Pennell asserts she was unable to find any direct authority addressing whether a motion to dismiss pursuant to § 1307(c) is

---

[2]The Claims Register erroneously shows that Claim No. 3-2 was disallowed per order entered on February 3, 2010.  A review of the docket shows that Judge Meyers sustained the Debtor's objection to Claim No. 5-1, which was also filed by Pennell for $11,252 as unsecured based on an agreed order entered on September 22, 2008, in Case No. 06-CH-99 in Franklin County, Illinois.

foreclosed by plan confirmation. Pennell cites cases regarding motions to dismiss under § 109(e) (debtor eligibility for Chapter 13) and cases in which courts addressed claims issues, such as the validity of a claim, after confirmation as persuasive authority that her motion to dismiss should be allowed to proceed.

The Debtor asserts that the issue of whether his petition was filed in good faith was necessarily determined when his amended plan was confirmed because before a plan can be confirmed, the court must find that the action of the debtor in filing the petition was in good faith under § 1325(a)(7). *See* 11 U.S.C. § 1325(a)(7). Therefore, because his plan has now been confirmed, the Debtor asserts the issue of good faith has already been determined and cannot be addressed due to the binding effect of confirmation.[3]

It is well-settled that once a plan is confirmed, its terms are binding on the debtor and the creditors under § 1327(a). Specifically, § 1327(a) of the Bankruptcy Code provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). The binding effect extends to any issue actually litigated by the parties and any issue necessarily determined by the confirmation order, including whether the plan complies with §§ 1322 and 1325 of the Bankruptcy Code. *In re Szostek*, 886 F. 2d 1405, 1409 (3d Cir. 1989). Because of the binding effect of the confirmation order, "it is incumbent upon creditors with notice of a Chapter 13 case to review the plan and object to the plan if they believe it to be improper; they may ignore the confirmation hearing only at their peril." 8 COLLIER ON BANKRUPTCY, ¶1327.02[1][a] (15th ed.rev.).

---

[3] COLLIER ON BANKRUPTCY notes that the purpose of § 1327(a) is the same as the purpose served by the general doctrine of *res judicata*. 8 COLLIER ON BANKRUPTCY ¶1327.02[1] (15th ed.rev.). *Res judicata*, or claim preclusion, generally refers to the effect of a prior judgment in foreclosing successive litigation on the very same claim. *New Hampshire v. Maine*, 532 U.S. 742, 748-49, 121 S.Ct. 1808,149 L.Ed.2d 968 (2001). The essential elements of *res judicata* are: (1) a final judgment on the merits in an earlier action; (2) an identity of parties or privies in the two suits; and (3) an identity of the cause of action in both suits. *In re Torres Martinez*, 397 B.R. 158, 164 n.5 (1st Cir.BAP 2008).

To confirm a plan, a court must find, among other things, that the plan has been proposed in good faith and not by any means forbidden by law. *See* 11 U.S.C. § 1325(a)(3). Additionally, under a new provision added as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which applies to the Debtor's petition, to confirm a plan a court must also find that the action of the debtor in filing the petition was in good faith. 11 U.S.C. § 1325(a)(7).

Thus, it is clear that, after the changes wrought by BAPCPA, the issue of whether the debtor filed the bankruptcy petition in good faith is an issue that is necessarily determined at the time of confirmation.[4] *See In re Torres Martinez*, 397 B.R. 158, 165 (1st Cir.BAP 2008). In this case, Pennell raised the good faith issue in her motion to dismiss under § 1307(c) prior to confirmation. However, although she received notice that the Debtor had filed an amended plan, she did not file an objection to confirmation of the amended plan. When the Court confirmed the plan, it necessarily found that the Debtor's petition was filed in good faith, and under § 1327(a), Pennell is now bound by that determination. Accordingly, Pennell's motion to dismiss the Debtor's Chapter 13 case is denied as moot.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

ENTERED: April 9, 2010

                                        /s/ William V. Altenberger  
                                        UNITED STATES BANKRUPTCY JUDGE

---

[4] Before the enactment of BAPCPA, some courts had concluded that a creditor was not prohibited by confirmation from bringing a motion to dismiss under § 1307(c), finding no authority which sets a deadline as to time during which a motion to dismiss a Chapter 13 case must be brought. *See In re Powers*, 135 B.R. 980, 989 (Bankr.C.D.Cal. 1991); *see also In re Torres Martinez*, 397 B.R. at 165 (noting that prior to passage of BAPCPA, the good faith filing requirement was a product of case law that held that a bad faith filing of a Chapter 13 case could be grounds for dismissal "for cause" under §1307(c)); *In re Brenner*, 189 B.R. 121, 129 (Bankr.N.D.Ohio 1995) (agreeing in *dicta* with *In re Powers* that the binding nature of a confirmed plan does not bar the application of § 1307 and, in particular, the requirement of good faith that has been interpreted from that section).